UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff,

v.

SHIPS INT'L INC., FELIX VERA,
THE ESTATE OF CHRISTIAN
LINT, and MARINE SERVICES
INT'L INC.,

Defendants.

C23-1677 TSZ

ORDER

THIS MATTER comes before the Court on the United States' motion for

summary judgment (the "Motion"), docket no. 66. Having reviewed the Motion, the

Court enters the following order.

I.    **Background**

The Court has previously set forth the undisputed material facts relevant to this

matter. *See* Order (docket no. 65). In that order, the Court denied the motion for summary

judgment filed by defendant the Estate of Christian Lint (the "Estate") and concluded that

Mr. Lint is a "responsible party" under the Oil Pollution Act of 1990 ("OPA"), 33 U.S.C.

§§ 2701–2720. *See id.* at 6 (docket no. 65). The United States now moves for summary

judgment against all defendants. *See* Motion (docket no. 66). The Court scheduled for July 1, 2025 oral argument on the Motion, and the related motion to strike[1], docket no. 73. At the hearing, counsel for Mr. Vera and MSI advised the Court that Mr. Vera had filed a personal bankruptcy complaint under Chapter 7 with the United States Bankruptcy Court in the Southern District of Florida, case number 9:25-bk-17576-MAM. As a result, the Court stayed the case as to Mr. Vera, and as to Ships and MSI, *see* Minute Entry (docket no. 83), because the record reflects that Mr. Vera is the sole owner of those entities.

The Court orally granted summary judgment in favor of the United States as to the Estate, holding that Mr. Lint is strictly liable under the OPA for the grounding of the M/V American Challenger, including all removal costs and damages incurred by the government. *See* Minute Entry (docket no. 83). The Court stated that it would enter an order on the Motion following the hearing. *Id.*

## II.  Discussion

### a.  Summary Judgment Standard

The Court shall grant summary judgment if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Federal Rule of Civil Procedure 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A

---

[1] Because the case is stayed with respect to Mr. Vera, Ships, and MSI, *see* Minute Entry (docket no. 83), the motion to strike is DEFERRED until the stay is lifted.

1  fact is material if it might affect the outcome of the suit under the governing law.

2  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To survive a motion for

3  summary judgment, the adverse party must present affirmative evidence, which "is to be

4  believed" and from which all "justifiable inferences" are to be favorably drawn. *Id.* at

5  255, 257. When the record, however, taken as a whole, could not lead a rational trier of

6  fact to find for the non-moving party, summary judgment is warranted. *See Beard v.*

7  *Banks*, 548 U.S. 521, 529 (2006) ("Rule 56 'mandates the entry of summary judgment,

8  after adequate time for discovery and upon motion, against a party who fails to make a

9  showing sufficient to establish the existence of an element essential to that party's case,

10  and on which that party will bear the burden of proof at trial.'" (quoting *Celotex*, 477

11  U.S. at 322)).

12  **b.    Prima Facie Liability Under the OPA**

13  Under the OPA, responsible parties for a vessel or facility from which oil is

14  discharged, or from which there is a substantial threat of discharge, are strictly liable for

15  resulting damages, subject to certain exceptions. 33 U.S.C. § 2702(a); *Clausen v. M/V*

16  *New Carissa*, 339 F.3d 1049, 1052 (9th Cir. 2003); *United States v. Kilroy & Assocs.,*

17  *Inc.*, 2009 WL 3633891, at *4 (W.D. Wash. Oct. 30, 2009).

18  To establish strict liability, the government must prove: (1) that the defendant is a

19  "responsible party"; (2) that oil was discharged or that the incident posed a substantial

20  threat of discharge; and (3) that the actual or threatened discharge occurred in navigable

21  waters or adjoining shorelines. 33 U.S.C. § 2702(a). If these elements are satisfied, the

22  government has established a prima facie case.

23

1              i.      **Responsible Party**

2         Under the OPA, a "responsible party" is "any person owning, operating, or demise

3    chartering a vessel." 33 U.S.C. § 2701(32)(A). An "owner or operator" is, "in the case of

4    a vessel, any person owning, operating, or chartering by demise, the vessel." 33 U.S.C.

5    § 2701(26)(A)(i). A "person" under the OPA can be an individual or a corporation. *See*

6    33 U.S.C. § 2701(27). Further, a "vessel" "means every description of watercraft or other

7    artificial contrivance used, or capable of being used, as a means of transportation of

8    water, other than a public vessel." 33 U.S.C. § 2701(37). "Operator"[2] includes those

9    "persons" who "manage, direct, or conduct operations specifically related to pollution."

10   *United States v. Bestfoods*, 524 U.S. 51, 67 (1998).

11        This Court has already held that Mr. Lint is a "responsible party" within the

12   meaning of the OPA. *See* Order at 6 (docket no. 65).

13             ii.      **Actual or Substantial Threat of Discharge of Oil**

14        With respect to the second element, strict liability under the OPA is triggered by

15   either the "discharge" of oil, or the "substantial threat of discharge" of oil. *See* 33 U.S.C.

16   § 2702(a); *see also Kilroy*, 2009 WL 3633891, at *4. Following the grounding of the

17   M/V American Challenger, approximately 50 gallons of oil were discharged into the

18

19   _____

20   [2] The *Bestfoods* court interpreted the Comprehensive Environmental Response, Compensation, and
     Liability Act of 1980 ("CERCLA"). *See United States v. Bestfoods*, 524 U.S. 51 (1998). This statute,
     which preceded the OPA, is "a statute to which courts frequently look when interpreting the OPA [and

21   which] broadly extends liability all the way down the causal chain." *United States v. Bros. Enterprises,
     Inc.*, 113 F. Supp. 3d 907, 913 (E.D. Tex. 2015) (internal quotation marks omitted). Accordingly, the
     Court looks to cases where courts interpreted CERCLA to interpret the OPA and reads the OPA's

22   "responsible party" language broadly.

23

ORDER - 4

water, oil sheening surrounding the vessel was observed, and oil and hazardous materials were found on board. Macon Decl. at ¶¶ 9, 11, 12 (docket no. 68). The United States Coast Guard recovered approximately 14 cubic yards of oiled debris, 760 gallons of mixed oily water, and more than 50 gallons of hydraulic oil. *Id.* at ¶ 13 (docket no. 68). These material facts are not in dispute, and the Estate has not responded to the Motion. Accordingly, the government has carried its burden as to the second element.

### iii.     Navigable Waters or Adjoining Shorelines

The OPA defines "navigable waters" as "the waters of the United States, including the territorial sea." 33 U.S.C. § 2701(21). The M/V American Challenger grounded in the Pacific Ocean in the Bodega Bay off the California coastline, within a national marine sanctuary designated by Congress. Macon Decl. at ¶¶ 5–6 (docket no. 68); *see also* Ex. A to Macon Decl. (docket no. 68-1). Because the grounding and the resulting oil discharge occurred in the Pacific Ocean, which falls squarely within the statutory definition of "navigable waters," this element of a claim for strict liability under the OPA is satisfied as a matter of law.

### c.     Affirmative Defense Under § 2703(a)(3)

The United States has submitted sufficient evidence to make out a prima facie case for strict liability under the OPA. The Estate, at paragraph 87 of its Answer, docket no. 30, asks the Court to consider the third party complete defense enumerated in 33 U.S.C. § 2703(a)(3). The responsible party bears the burden of proof as to this defense. 33 U.S.C. § 2703(a). A responsible party is not liable under § 2702 if it "establishes, by a preponderance of the evidence," that the discharge or substantial threat of discharge of oil

and the resulting damages were "caused solely by . . . an act or omission of a third party, other than . . . a third party whose act or omission occurs in connection with any contractual relationship with the responsible party." 33 U.S.C. § 2703(a)(3). This affirmative defense also requires a showing that the responsible party "exercised due care with respect to the oil concerned" and "took precautions against foreseeable acts or omissions" by the third party. *Id.* at (A)–(B).

In the Motion, the United States argued it cannot be considered a "third party" as a matter of law under 33 U.S.C. § 2703(a). *See* Motion at 16–17 (docket no. 66). The Estate did not file any opposition to the Motion. The Court agrees with the government that it is not a "third party" within the meaning of the OPA. *See Savage Servs. Corp. v. United States*, 25 F.4th 925, 936–938 (11th Cir. 2022) (citing *In re Glacier Bay*, 71 F.3d 1447, 1455 (9th Cir. 1995)). The affirmative defense fails as a matter of law, and the government is entitled to summary judgment as to its claim against the Estate.

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1)    The United States motion for summary judgment, docket no. 66, is GRANTED with respect to the Estate of Christian Lint, and DEFERRED with respect to Mr. Vera, Ships, and MSI. The Estate is jointly and severally liable for the full amount of removal costs incurred by the United States at the amount of $14,440,310.00. This ruling does not foreclose the Court from finding additional named defendants jointly and severally liable at a later stage in proceedings.

(2)     The Court finds no reason at this time to enter a partial judgment under Federal Rule of Civil Procedure 54(b).

(3)     The Clerk is directed to send a copy of this order to all counsel of record, to Ships International, Inc. at "SHIPS INT'L INC., c/o R. Shawn Griggs, 130 Nickerson Street, Suite 201, Seattle, WA 98109," *see* Summons of Ships Int'l Inc. (docket no. 1-2), and to the Estate of Christian Lint pro se.

IT IS SO ORDERED.

Dated this 28th day of July, 2025.

Thomas S. Zilly
United States District Judge