UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

    Plaintiff,

v.

SHIPS INT'L INC.; FELIX VERA; THE ESTATE OF CHRISTIAN LINT; and MARINE SERVICES INT'L, INC.,

    Defendants.

C23-1677 TSZ

ORDER

THIS MATTER comes before the Court on a motion for reconsideration, docket no. 84, brought by plaintiff United States of America (the "Government"). In its motion, the Government asks the Court (i) to reconsider its oral ruling staying this matter as to the Government's claims against defendants Ships Int'l Inc. ("Ships"), Felix Vera ("Vera"), and Marine Services Int'l, Inc. ("MSI"), see Minutes (docket no. 83), and (ii) to rule in the Government's favor on an earlier motion for summary judgment, docket no. 66. The Court provided defendants an opportunity to respond to the Government's motion for reconsideration, see Minute Order (docket no. 86), and a brief has been filed by Vera and MSI, docket no. 87. Default has been entered against Ships, see Order (docket no. 14),

ORDER - 1

no counsel has appeared on behalf of Ships, and Ships has offered no opposition to either the pending motion for reconsideration or the underlying motion for summary judgment. Having reviewed all papers filed in support of, and in opposition to, the Government's motions for reconsideration and for summary judgment, the Court enters the following Order.

**Discussion**

In its motion for summary judgment, the Government sought the following relief: (1) a ruling that Ships, Vera, and the Estate of Christian Lint (the "Estate") are strictly liable under the Oil Pollution Act of 1990 ("OPA") for damages relating to the grounding of the recreational vessel AMERICAN CHALLENGER (O.N. 633219)[1] and subsequent clean up and removal; (2) a ruling that Ships and MSI are "alter egos" of Vera and that their corporate veils may be pierced to allow the Government to execute on the assets of Vera and MSI to satisfy any judgment against Ships; and (3) a ruling that Vera violated 31 U.S.C. § 3713, concerning the priority of debts owed to the Government, by siphoning funds from Ships to avoid paying its obligations to the Government. See Gov't Mot. for SJ at 1 (docket no. 66 at 13). The Court scheduled oral argument for July 1, 2025, on all

---

[1] The Government contends that Vera is a strictly liable "responsible party" under the OPA because he managed the sale and transport via towing of AMERICAN CHALLENGER, falsely certified that all oil products and cargo had been removed from the vessel, and took no action to prevent or respond to the grounding of AMERICAN CHALLENGER. See Gov't Mot. for SJ at 14 (docket no. 66 at 26); see also 33 U.S.C. § 2701(32)(A) (defining a "responsible party" as inter alia "any person owning, operating, or demise chartering" a vessel). Whether Vera was a "responsible party" for purposes of the OPA involves genuine disputes of material fact that preclude summary judgment. See Fed. R. Civ. P. 56(a).

ORDER - 2

1  then-pending motions, including the Government's motion for summary judgment, but
2  was advised when the hearing commenced that Vera had filed a Chapter 7 petition for
3  bankruptcy. <u>See</u> Minutes (docket no. 83). With minimal time to consider the issue and
4  hearing no objection from the Government, the Court stayed the matter with regard to the
5  claims against Vera, as well as Ships and MSI, which are solely owned by Vera. <u>Id.</u>
6       With respect to the Estate, however, which had previously appeared via counsel,
7  but was unrepresented at the time of the hearing because its attorneys had been permitted
8  to withdraw, <u>see</u> Minute Order (docket no. 63), the Court granted the Government's
9  motion for summary judgment. <u>See</u> Minutes (docket no. 83); Order (docket no. 85). The
10 Court reasoned that Christian Lint was a "responsible party" within the meaning of the
11 OPA because he was the master of the TUG HUNTER (O.N. 578655), which was towing
12 AMERICAN CHALLENGER when it began drifting and then ran aground. <u>See</u> Order at
13 4 (docket no. 85); <u>see also</u> Order at 6 (docket no. 65). The Court further concluded that
14 the elements of the Government's OPA claim had, as a matter of law, been established,
15 and that Lint (and, as a result, the Estate) was strictly liable under the OPA for the
16 $14,044,310[2] in clean up and removal costs incurred by the Government. <u>See</u> Order at 3–
17 6 (docket no. 85).
18      The Government seeks a similar ruling with respect to Ships, which undisputedly
19 owned and operated the TUG HUNTER, as well as AMERICAN CHALLENGER, at the

---

[2] The prior Order indicated that the amount to be awarded to the Government is $14,440,310, <u>see</u> Order at 6 (docket no. 85), but the Government's requested figure is actually $14,044,310, <u>see</u> Gov't Mot. for SJ at 15 (docket no. 66 at 27). The transposed numbers are hereby corrected.

ORDER - 3

time the latter ran aground.  *See* Am. Compl. at ¶¶ 9–10 & 14–15 (docket no. 28); *see also* Vera's/MSI's Resp. at 4 (docket no. 87) (conceding that Ships is liable under the OPA as the owner and operator of AMERICAN CHALLENGER).  Having been declared in default, Ships has admitted the factual allegations of the operative pleading, *see* Fed. R. Civ. P. 8(b)(6), which are sufficient to establish that Ships, jointly and severally with the Estate, is strictly liable under the OPA for the $14,044,310 in clean up and removal costs incurred by the Government.

If the Government sought relief against only Ships, then Vera's bankruptcy proceedings would not operate to stay the Government's claims or bar it from executing on a judgment.  The Government, however, seeks additional remedies.  It asks the Court (i) to hold Vera personally liable for the debts of Ships based on an "alter ego" theory and/or for violation of 31 U.S.C. § 3713, and (ii) to authorize the Government to execute against MSI's assets, even though MSI is not a directly "responsible party" within the meaning of the OPA, because Vera deposited into MSI's bank account roughly $100,000, representing the proceeds of the sale of the TUG HUNTER.  These grounds on which the Government has requested summary judgment require the Court to consider whether the automatic stay set forth in the Bankruptcy Code applies.

The relevant provision of the Bankruptcy Code imposes a stay (after the filing of a bankruptcy petition) as to the "continuation . . . of a judicial . . . action or proceeding against the debtor that was or could have been commenced" before the bankruptcy matter commenced, or "to recover a claim against the debtor that arose before" the bankruptcy matter commenced.  11 U.S.C. § 362(a).  Although this language requires a stay of the

ORDER - 4

claims against Vera, which arose and were asserted by the Government before Vera filed his Chapter 7 petition, the Government contends, in its motion for reconsideration, that a stay is not automatic when the litigation is or was brought to enforce the Government's "*police and regulatory power*, including the enforcement of a judgment *other than a money judgment*." 11 U.S.C. § 362(b)(4) (emphasis added).

In determining whether the automatic stay of § 362(a) is rendered inoperative by the "governmental police and regulatory power" exception of § 362(b)(4), the Court must evaluate (i) whether the proceedings at issue "effectuate public policy" or merely "adjudicate private rights," and (ii) whether the proceedings at issue relate to "a matter of public safety and health" or "primarily to the protection of the government's pecuniary interest in the debtor's property." *See* *In re Berg (Berg v. Good Samaritan Hosp.)*, 198 B.R. 557, 561 (B.A.P. 9th Cir. 1996); *see also* *Parkview Adventist Med. Ctr. v. United States*, 842 F.3d 757, 763 (1st Cir. 2016) ("if the action is an attempt by the government to recover property from the estate, it has a pecuniary purpose and so remains subject to the stay"); *United States v. Oil Transp. Co.*, 172 B.R. 834 (E.D. La. 1994). In *Oil Transport*, the district court permitted an action pursuant to the OPA to proceed notwithstanding the allegedly liable party's bankruptcy proceedings, but it distinguished between (i) entry of judgment as to liability and damages, and (ii) enforcement of a monetary judgment; the former is exempt from the automatic stay imposed by § 362(a), but the latter is not. *See* 172 B.R. at 836.

An assertion that one defendant is the "alter ego" of another defendant does not form an independent cause of action, but rather concerns which party or parties will be

ORDER - 5

required to pay damages.  See *Hadnagy v. Moss*, No. 23-cv-1932, 2024 WL 1328568, at *6 (W.D. Wash. Mar. 28, 2024) (citing *Local 159, 342, 343 & 444 v. Nor-Cal Plumbing, Inc.*, 185 F.3d 978, 985 (9th Cir. 1999) ("A request to pierce the corporate veil is only a means of imposing liability for an underlying cause of action and is not a cause of action in and of itself.")).  In seeking summary judgment as to Vera's liability for amounts owed by Ships and/or MSI,[3] the Government is not, in essence, prosecuting its OPA claim or enforcing its "police and regulatory power," but is instead attempting to protect its pecuniary interests in Vera's and MSI's assets.  Similarly, in contending that Vera and/or MSI must, pursuant to 31 U.S.C. § 3713, disgorge the proceeds of the sale of the TUG HUNTER, the Government is not trying to preserve the public's safety and health, but rather to secure the funds at issue as a source of satisfying any judgment against Ships.  Thus, the exception set forth in § 362(b)(4) does not apply, and the stay imposed by

---

[3] The Government's efforts to pierce the corporate veils of Ships and MSI are premised on (i) Vera's status as sole owner of both corporations, *see* Resp. to Interrog. No. 1 at ¶¶ 24–25, Ex. A to Fralick Decl. (docket no. 67-1); (ii) the failures of both entities to observe corporate formalities, for example, never having issued stock, appointed a board of directors, or held a corporate meeting, designating only pro forma officers, and maintaining virtually no corporate records, *see* Vera Dep. (July 30, 2024) at 104:24–106:19, 190:24–191:1, & 216:2–221:12, Ex. P to Fralick Decl. (docket no. 67-16) [hereinafter "Vera Dep. 1"]; Vera Dep. (Dec. 16, 2024) at 24:20–25, 30:24–31:7, 32:19–33:24, Ex. Q to Fralick Decl. (docket no. 67-17) [hereinafter "Vera Dep. 2"]; and (iii) the commingling of assets, *see* Vera Dep. 1 at 110:18–112:9 & Vera Dep. 2 at 192:5–18 (indicating that Vera used MSI's funds to pay his personal expenses); Vera Dep. 1 at 153:16–155:22 (indicating that Ships crew members were paid from MSI's account); Vera Dep. 2 at 102:20–103:14, 105:14–21, & 130:24–131:16 (indicating that MSI covered the expenses, including insurance premiums, for vessels MSI did not own, and that MSI paid Christian Lint via check for towing AMERICAN CHALLENGER); *see also* Ex. E to Fralick Decl. (docket no. 67-5) (MSI's bank records); Ex. F to Fralick Decl. (docket no. 67-6) (reflecting that, in March 2021, when AMERICAN CHALLENGER ran aground, Ships had less than $600 in its bank account, which was "force closed" at the end of January 2022).

§ 362(a) of the Government's claims against Vera and MSI must remain in full force and effect. See In re Adler (Ng v. Adler), 494 B.R. 43, 57–59 (Bankr. E.D.N.Y. 2013) (concluding that a state court violated the automatic stay by issuing a decision about the liability of corporations later deemed by the bankruptcy court to be the individual debtor's "alter egos"); see also In re S.I. Acquisition, Inc. (S.I. Acquisition, Inc. v. Eastway Delivery Serv., Inc.), 817 F.2d 1142, 1148 (5th Cir. 1987) ("in circumstances where the debtor and the nonbankrupt party can be considered one entity or as having a unitary interest, a section 362(a)(1) stay may suspend an action against a nonbankrupt codefendant"); A.H. Robins Co. v. Piccinin, 788 F.2d 994, 999 (4th Cir. 1986) (observing that a stay is authorized "when there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor").

With respect to Ships, however, the "police and regulatory power" exception does apply. See Oil Transp., 172 B.R. at 835–37. As to Ships, the Government's motion for reconsideration is GRANTED, and its motion for summary judgment is also GRANTED. Given the procedural posture of the case, the Court cannot certify that "no just reason for delay" exists and declines to enter partial judgment pursuant to Federal Rule of Civil Procedure 54(b). The Government's motion for reconsideration is otherwise DENIED, and its motion for summary judgment is otherwise DEFERRED.

/ / /

/ / /

ORDER - 7

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1) The Government's motion for reconsideration, docket no. 84, is GRANTED in part and DENIED in part. The stay imposed by oral ruling, see Minutes (docket no. 83), is LIFTED as to the Government's claims against Ships Int'l Inc. The stay remains in full force and effect as to Felix Vera and Marine Services Int'l, Inc.

(2) The previously deferred portion of the Government's motion for summary judgment, docket no. 66, is GRANTED in part and further DEFERRED in part. The motion is GRANTED as to the Government's claims against Ships Int'l Inc. (i) under the Oil Pollution Act of 1990, see Am. Compl. at ¶¶ 62–70 (docket no. 28) (First, Second, and Third Causes of Action), and (ii) under the OPA and the Declaratory Judgment Act, see id. at ¶¶ 71–74 (Fourth Cause of Action). The motion is DEFERRED as to the Government's claims against Felix Vera and Marine Services Int'l, Inc.

(3) Ships Int'l Inc., as the owner and operator of the TUG HUNTER and AMERICAN CHALLENGER, and for the same reasons set forth in the Order entered July 28, 2025, docket no. 85, concerning the liability of the Estate of Christian Lint, is DECLARED and ADJUDGED strictly liable, jointly and severally with the Estate, for the clean up and removal costs incurred by the Government, which total $14,044,310. This ruling does not foreclose this or any other Court from finding additional named defendants jointly and severally liable.

(4) The second sentence of the first paragraph in the Conclusion of the Order entered July 28, 2025, docket no. 85, is corrected as follows: The Estate of Christian Lint

ORDER - 8

"is jointly and severally liable for the full amount of removal costs incurred by the United States in the amount of $14,044,310."

(5) The Clerk is directed to send a copy of this Order to (a) all counsel of record; (b) Ships Int'l Inc. c/o Robert Shawn Griggs, 130 Nickerson Street, Suite 201, Seattle, WA 98109; (c) the Estate of Christian Lint, c/o Robert S. Lint II at (i) General Delivery, Bouse, AZ 85335, (ii) 139 W. Hersey St., Ashland, OR 97520, (iii) 124 Strawberry Lane, Sequim, WA 98382, and (iv) r.lint@yahoo.com; and (d) the Honorable Minda A. Mora, United States Bankruptcy Judge for the Southern District of Florida.

IT IS SO ORDERED.

Dated this 18th day of September, 2025.

*Thomas S. Zilly*

Thomas S. Zilly
United States District Judge

ORDER - 9